IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| FRANKIE SCOTT, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )  1:15-CV-00049-WLS |
| | ) |
| PRATT (TARGET CONTAINER), INC., | ) |
| | ) |
|     Defendant. | ) |

**DEFENDANT'S MOTION IN LIMINE TO EXCLUDE
WITNESSES NOT DISCLOSED DURING DISCOVERY**

Defendant Pratt (Target Container), Inc. ("Target Container") hereby moves in limine to prevent Plaintiff Frankie Scott from calling at trial witnesses whom he did not previously identify in discovery. In the Pretrial Order, Scott has identified six potential witnesses that he failed to disclose during discovery, as he was required to do under the Federal Rules of Civil Procedure and applicable case law. Scott can offer no justification for his failure to timely disclose these witnesses, and allowing them to testify would substantially prejudice Target Container. Therefore, this Court should strike them from Scott's witness list.

**I.   ARGUMENT AND AUTHORITIES[1]**

    **A.   Witnesses Scott seeks to have testify at trial**

In the Pretrial Order filed August 31, 2017, Scott identified six witnesses he would have present at trial and 14 that he may have present at trial. (Pretrial Order ¶ 19.) Target Container does not challenge the six witnesses who will be present at trial. But Target Container does

---
[1] Defendant Target Container's Memorandum of Law is incorporated in this Motion.

1

challenge six of the 14 "may have present" witnesses who were not identified in Target Container's Rule 26(a) initial disclosures or in either party's interrogatory responses under Rule 33.² These witnesses are: (i) Fabian Brown, a coworker of Scott's at Target Container; (ii) Jimmy Payne, former Production Manager at Target Container; (iii) Dr. Lamar Moree; (iv) Dr. Cherinor Sillah; (v) Dr. Jennifer Swannigan; and (vi) Dr. John Able.

> **B.   Scott's previously unidentified witnesses should not be allowed to testify at trial.**

The six witnesses whom Scott "may have present at trial" should not be allowed to testify because they were not disclosed during discovery. Specifically, Scott never made the required initial disclosures under Rule 26(a), he failed to identify these witnesses in his responses and amended responses to Target Container's interrogatories, and he never otherwise supplemented his discovery responses as required by Rule 26(e). Notably, the party wishing to present the testimony of undisclosed witnesses bears the burden of showing the failure was substantially justified or harmless. *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 2009); *see Pinero v. 4800 W. Flagler L.L.C.*, 430 F. App'x 866, 869 (11th Cir. 2011) (preventing undisclosed witnesses from testifying at trial because plaintiff failed to adequately explain his failure to comply with Rule 26's disclosure requirements). A court should consider the explanation for the failure to disclose the witness, the importance of the testimony, and the prejudice to the opposing party. *See Nance v. Ricoh Elecs., Inc.*, 381 F. App'x 919, 922 (11th Cir. 2010) (excluding declarations from undisclosed witnesses at summary judgment stage).

---

² According to Plaintiff's counsel, Benjamin *Robinson* on Scott's witness list is the same person as the Benjamin *Robertson* identified in Scott's response to Defendant's interrogatories, and therefore Target Container does not object to his inclusion on Scott's witness list on that basis.

1.  **Rule 26(a) Disclosures**

First, to allow both sides to adequately prepare and prevent trial-by-surprise, Federal Rule 26(a) requires a party to disclose the name and contact information for every individual "likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses…" FED. R. CIV. P. 26(a)(1)(A)(i).  As the Eleventh Circuit Court of Appeals has held, "Compliance with the requirements of Rule 26[a] is not merely aspirational." *Reese v. Herbert*, 527 F.3d 1253, 1266 (11th Cir. 2008) (citation omitted).  Instead, a party who fails to identify witnesses as required by Rule 26(a) may not rely on an undisclosed witness at trial "unless the failure was substantially justified or is harmless." *See* FED. R. CIV. P. 37(c)(1).  Here, despite the Court's careful instructions at the in-person Rule 16 conference in the Court's chambers, Scott, who was proceeding *pro se*, never served Target Container with any Rule 26(a) initial disclosures, including after he was represented by his current counsel.

2.  **Scott's Interrogatory Responses and Amended Responses and His Failure to Supplement Under Rule 26(e)**

Because Scott never served Target Container with initial disclosures, the only information it received purporting to meet his burden under Rule 26 was in the above-referenced interrogatory responses.  To explain, on October 30, 2015, Target Container served the following Interrogatory No. 1 under Rule 33 on Scott, who was *pro se* at the time.  This interrogatory required Scott to identify "all persons" who may have "knowledge or information" about "any fact or issue involved in [his] case, including damages sought." In addition, this Interrogatory required Scott to describe the "substance of their knowledge" and whether any of the witnesses had made statements:

3

> Identify *all persons*, including their address, telephone numbers, and job titles, who you believe to possess *knowledge or information* pertaining to or who you believe to have witnessed *any fact or issue involved in this case, including damages sought*. Include in your response a *description* of the *substance of their knowledge* and state whether you or anyone acting on your behalf has obtained *statements* from any of the individuals identified therein.

(Def.'s Interrog. No. 1 (served Oct. 30, 2015) (emphasis added).)

Two months later, on January 4, 2016, Scott's current counsel entered an appearance on his behalf. After that, Scott, through his counsel, served responses to Interrogatory No. 1 more than five months later, on March 11, 2016. In his responses to this Interrogatory, Scott identified more than two dozen individuals. But he did not identify any of the above six witnesses. (Pl.'s Resps. to Def.'s First Set of Continuing Interrogs. ¶¶ 1, 10, attached as Exhibit 1.[3]) Subsequently, Scott served amended interrogatory responses on April 18, 2016, but did not amend his response to Interrogatory No. 1. (Pl.'s Amend. Resps. to Def.'s First Set of Continuing Interrogs. ¶ 1, attached as Exhibit 2.) Scott has not otherwise supplemented his discovery responses, as required by Rule 26(e), since then.

Now, only a month before trial and to Target Container's surprise, Plaintiff has identified six additional witnesses he intends to call upon to present testimony. Target Container is aware of no impediments that prevented Scott from disclosing these witnesses previously. Importantly, a party's lack of diligence does not constitute a "good explanation" for a delay in disclosing a witness under Rule 26. *Romero v. Drummond Co.*, 552 F.3d 1303, 1322 (11th Cir. 2008).

Because of Scott's deficient disclosures, for the six witnesses not previously identified, Target Container still does not know the subjects on which Scott intends them to testify at trial.

---

[3] One witness was identified in his response to Interrogatory No. 10, rather than No. 1. Scott stated that Tikila Spurlin, who is on his "will have present" list, was someone with whom he had "conferred about [his] injuries and the need for a reasonable accommodation." (Pl.'s Resps. to Def.'s Interrog. No. 1 at 21-22.) Therefore, Target Container does not challenge her inclusion on Scott's witness list.

4

Therefore, Target Container has no idea of the significance of these witnesses for this trial, for example, whether the Doctors are being called as expert witnesses or whether these witnesses are all or in part rebuttal witnesses. There is no doubt, however, that allowing their testimony would prejudice Target Container and put it at a substantial disadvantage at this late stage. Because of Scott's failure to identify these witnesses, Target Container has not had the opportunity to depose them or otherwise learn about their knowledge of the parties' claims and defenses. Therefore, Scott should not be allowed to call them at trial.

Finally, with regard to the four Doctors identified as "may have present" witnesses, Scott never timely identified these putative expert witnesses or treating physicians, and as such they may not now testify. Technically, the Court's Scheduling Order of August 25, 2015 required Scott to identify them on or before October 12, 2015. (Doc. 19.) Regardless, Scott failed to identify them under the deadlines in Rule 26(a)(2)(D), which required him to disclose any expert witnesses "at least ninety days before the date set for trial or for the case to be ready for trial" and, for expert witnesses used to contradict or rebut evidence on the same subject matter, "within 30 days after the other party's disclosure." FED. R. CIV. P. 26(a)(2)(D). For the Doctors identified by Scott, to the extent Scott would rely on their "scientific, technical, or otherwise specialized knowledge" at trial, he was required to meet the requirements of Rule 26(a)(2)(C) to provide: "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions on which the witness is expected to testify." FED. R. CIV. P. 26(a)(2)(C); see Davis v. Green, No. 1:12-CV-3549-WSD, 2015 WL 3505665, at *3 (N.D. Ga. June 3, 2015) ("A failure to provide the subject matter of a treating physician's testimony or a summary of the facts and opinions of

the treating physician precludes a party from introducing their testimony at trial unless the failure was substantially justified or harmless.").

## II.   CONCLUSION

The *raison d'etre* of the Federal Rules of Civil Procedure—and especially of the discovery provisions in these Rules—is to prevent trial by surprise, the unfairness that attends such surprise, and the injustice and gamesmanship that may result from it.  Here, Scott cannot show that his failure to previously identify the six witnesses during discovery was substantially justified or harmless.  Therefore, Target Container respectfully requests the Court strike them from his witness list.

Respectfully submitted this 13th day of September, 2017.

>/s/ Natalie N. Turner
>Natalie N. Turner (GA Bar No. 719646)
>natalie.turner@ogletreedeakins.com
>A. Craig Cleland (GA Bar No. 129825)
>craig.cleland@ogletreedeakins.com
>Amy E. Jensen (GA Bar No. 874759)
>amy.jensen@ogletreedeakins.com
>Harry M. Rowland, III (GA Bar No. 946192)
>harry.rowland@ogletreedeakins.com
>OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
>191 Peachtree Street NE, Suite 4800
>Atlanta, GA  30303
>Telephone: 404.881.1300
>Facsimile: 404.870.1732
>*Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| **FRANKIE SCOTT,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.:  1:15-CV-00049-WLS |
| | ) |
| **PRATT (TARGET CONTAINER), INC.,** | ) |
| | ) |
| **Defendant.** | ) |

### CERTIFICATE OF SERVICE

I certify that on September 13, 2017, I electronically filed the **DEFENDANT'S MOTION IN LIMINE TO EXCLUDE WITNESSES NOT DISCLOSED DURING DISCOVERY** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following counsel of record:

Michael Akemon, Esq.
The Richards Law Group, LLC
PO Box 360295
Decatur, GA 30036

*/s/Natalie N. Turner*
Natalie N. Turner
Attorney for Defendant